IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00151-MR
(CRIMINAL CASE NO. 1:15-cr-00085-MR-WCM-15)

| | |
|---|---|
| CAIN HAMILTON STRICKLAND, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1].

Petitioner pleaded guilty in the underlying criminal case to a single count of conspiracy to possess with intent to distribute methamphetamine. [See Criminal Case No. 1:15-cr-00085-MR-WCM ("CR") Doc. 473: Acceptance of Guilty PLea]. He was sentenced to 128 months' imprisonment followed by five years of supervised release in a Judgment that was entered on April 10, 2017. [CR Doc. 576: Judgment]. He did not file a direct appeal.

Petitioner's § 2255 Motion to Vacate is dated June 8, 2020. [Doc. 1]. He appears to raise claims of ineffective assistance of trial counsel, breach of the plea agreement, and sentencing error.

The § 2255 Motion to Vacate is insufficient to proceed in that it has not been submitted on the required form and is not signed under penalty of perjury.[1] See Rule 2(b)(5), (c), 28 U.S.C.A. foll. § 2255. Petitioner shall have thirty (30) days to amend his § 2255 Motion to Vacate to correct these deficiencies. If Petitioner fails to amend his § 2255 Motion to Vacate within the specified time, this action will be closed without further notice.

Further, the § 2255 Motion to Vacate appears to be time-barred. A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[1] Petitioner has been provided a copy of the § 2255 form on at least two prior occasions. [See CR Docs. 611, 614].

2

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Equitable tolling of the period to file a petition for collateral review is available when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

On the present record, it appears that Petitioner's § 2255 Motion to Vacate is subject to dismissal as time-barred because it was filed more than one year after his conviction and sentence became final. If Petitioner chooses to amend his § 2255 Motion to Vacate, he should explain why his § 2255 petition is timely. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). Petitioner's failure to do so will likely result in any Amended Motion to Vacate being dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that Petitioner shall resubmit the § 2255 Motion to Vacate, signed under penalty of perjury, within **thirty (30)** days from entry of this Order. If Petitioner fails to do so, the § 2255 Motion to Vacate will be dismissed without further notice.

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to file an Amended § 2255 Motion to Vacate, he must explain why it is timely filed. His failure to do so will likely result in any Amended § 2255 Motion to Vacate being dismissed with prejudice as time-barred.

The Clerk of Court is respectfully directed to send the Petitioner another § 2255 motion form along with a copy of this Order.

**IT IS SO ORDERED.** Signed: June 23, 2020

Martin Reidinger
Chief United States District Judge